**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 23, 2005**

**FOR THE TENTH CIRCUIT**

CORTEZ DARNELL WALTERS,

Plaintiff - Appellant,

v.

No. 04-7127
(D.C. No. CV-03-342-P)
(E.D. Okla.)

STEVEN BECK, Head Facility
Warden; RUSSELL GOLDEN, Case
Manager; ROYCE MELTON, Captain
over Segregation Unit; MELINDA
GUILFOYLE, Department of
Corrections Administrator,

Defendants - Appellees.

---

**ORDER AND JUDGMENT** *

---

Before **HENRY, ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Cortez Darnell Walters, a prisoner proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants on his claims brought pursuant to 42 U.S.C. § 1983. He asserts that he was kept in administrative segregation past the date he should have been released from segregation, in violation of his constitutional rights and prison policy. We affirm.

*Background*

During the pertinent time period, Mr. Walters was in the custody of the Oklahoma Department of Corrections at the Mack Alford Correctional Center. He complains about the length of time he was required to serve in the Special Housing Unit (SHU) as discipline. On June 14, 2002, he committed two misconduct violations and was sentenced to thirty days in the SHU on each charge.[1] On June 27, 2002, he committed one menacing violation and one disobedience violation and was again sentenced to thirty days in the SHU on each charge. Prison officials determined that his release date from the SHU was October 14, 2002, running the disciplinary sentences consecutively. Mr. Walters, on the other hand, asserted that the various thirty-day sentences ran concurrently

---

[1]     Mr. Walters also was docked various earned credits for each disciplinary conviction. Those disciplinary actions are not before us in this appeal.

-2-

and, therefore, he was to have been released from the SHU on August 9, 2002. He contended that keeping him in the SHU past August 9 without additional due process protections, which he did not receive, violated his constitutional rights and prison policies. [2] He was released from the SHU into the general population on September 26, 2002.

The district court carefully reviewed the challenged disciplinary actions and sentences, and concluded that Mr. Walters' release from SHU on September 26, 2002, was within the range of his disciplinary sentence that expired on October 14, 2002. Accordingly, the district court granted defendants' motion for summary judgment.

Mr. Walters appeals, challenging the district court's ruling on his claim that he was wrongfully kept in administrative segregation past August 9, 2002. Defendants do not dispute the district court's finding that Mr. Walters exhausted administrative remedies on the claims outlined above. Mr. Walters has abandoned on appeal his remaining claims, which were dismissed without prejudice for failure to exhaust administrative remedies.

---

[2] Mr. Walters does not allege that he was denied due process in the proceedings resulting in his placement in the SHU.

*Pending motion*

We first address Mr. Walters' pending motion. He has filed a pleading entitled "sworn affidavit," which we construe as a motion to strike appellees' brief. He maintains that the brief on appeal is akin to a prohibited successive motion for summary judgment because it contains arguments and authorities not presented to the district court. An appellee "may defend the judgment won below on any ground supported by the record . . . ." *Tinkler v. United States ex rel. F.A.A.*, 982 F.2d 1456, 1461 n.4 (10th Cir. 1992) (quotation omitted). The motion is denied.

*Merits*

We review *de novo* the district court's grant of summary judgment. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Mr. Walters is representing himself on appeal, so his pleadings will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

"To state a claim under § 1983, Plaintiff[] must allege that [he was] deprived of a right 'secured by the Constitution and laws' of the United States and that this deprivation was committed under color of state law." *Yanaki v.*

*Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

The undisputed facts show that Mr. Walters was disciplined for various violations, for which he was sentenced to the SHU for thirty days each. The dispute is over whether the sentences were to run concurrently or consecutively. *See* Aplt. Br. Part B, at 18a. The record establishes that defendants consistently applied them to run consecutively. *See, e.g.*, R. doc. 31, Attach. G, at 4. Mr. Walters has cited no authority and proffered no justification for his position that the sentences were to run concurrently. In essence, he asserts a constitutional right not to serve additional time in the SHU for additional violations. This does not state a constitutional claim cognizable under § 1983. Accordingly, the district court properly granted summary judgment to defendants.

The district court granted Mr. Walters' motion to proceed on appeal without prepayment of costs and fees. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

Mr. Walters' motion to strike defendants' appellate brief is denied. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge